UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. BANK N.A. AS INDENTURED TRUSTEE<br>ON BEHALF OF THE NOTEHOLDERS OF<br>AEGIS BACKED SECURITY TRUST<br>2005-3 MORTGAGE BACKED NOTES | CIVIL ACTION |
| VERSUS | NO: 11-1204 |
| DONALD ANTHONY GAUDET (A/K/A<br>DONALD A. GAUDET, DONALD<br>GAUDET) | SECTION "N" (1) |

### ORDER AND REASONS

Presently before the Court is a motion to dismiss filed by Defendant-in-Reconvention U.S. Bank N.A., as Indentured Trustee on Behalf of the Noteholders of Aegis Backed Security Trust 2005-3 Mortgage Backed Notes ("U.S. Bank") (Rec. Doc. 6).[1] As stated herein, **IT IS ORDERED** that the motion is **GRANTED** to the extent that the reconventional demand filed by Mr. Donald Gaudet is **DISMISSED WITHOUT PREJUDICE** to his right to file, no later than fifteen (15) days from the entry of this Order and Reasons, an amending and superseding reconventional demand remedying the pleading deficiencies identified herein. The amending and superseding pleading must include all of the allegations from the original reconventional demand on which Mr. Gaudet continues to rely, as well as his additional allegations. Finally, if any

---

[1] U.S. Bank removed Mr. Gaudet's reconventional demand to this Court from the Twenty-Fourth Judicial District Court, Parish of Louisiana, on May 20, 2011. *See* Notice of Removal (Rec. Doc. 1)

amendments required by the Court are not timely made, or U.S. Bank otherwise contends that the amendments are insufficiently curative, any resulting request for dismissal with prejudice is to be urged by means of a properly supported motion for summary judgment, rather than a motion addressed solely to the face of the pleadings.[2]

**BACKGROUND**

In this action, Mr. Gaudet seeks to set aside a judicial sale of immovable property resulting from an executory proceeding instituted under Louisiana law. He also seeks an award of damages and attorney's fees against U.S. Bank for the alleged wrongful seizure and sale of the property in question. Urging that Mr. Gaudet's allegations fail to state a claim upon which relief can be granted, U.S. Bank seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**LAW AND ANALYSIS**

As discussed in *Bishop v. Shell Oil Co.*, No. 07-2832, 2008 WL 2079944, *1-2 (E.D. La. 5/16/08) (Engelhardt, J.), Rule 8 of the Federal Rules of Civil Procedure requires that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant"). Although a complaint does not need

---

[2] The Court issues this directive given the significant number of assertions in the parties' present submissions regarding documents filed into the state court record, but not annexed to U.S. Bank's petition for executory process, or Mr. Gaudet's reconventional demand (Rec. Docs. 1-1), as well as U.S. Bank's contention that Mr. Gaudet communicated with the court-appointed curator months before the property in question was sold.

2

"detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations and quotations omitted); see also *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570)). The degree of required specificity, however, depends on context, *i.e.*, the type of claim at issue. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

In evaluating motions to dismiss filed under Rule 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S. 1159, 106 S. Ct. 2279 (1986). If sufficient notice of the basis of the plaintiff's claim is provided, "dismissal will not be affirmed if the allegations [made] support relief on any possible theory" of recovery. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999) (internal citations omitted). Moreover, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001).

Applying the foregoing principles to Mr. Gaudet's reconventional demand, the Court, having carefully reviewed the parties' submissions and applicable law, finds that U.S. Bank's motion should be granted. Because the motion before the Court is one for dismissal pursuant to Rule 12(b)(6), however, and Mr. Gaudet has not already amended his reconventional demand, this ruling shall be without prejudice to his right to file, no later than fifteen (15) days from the entry of this Order and Reasons, an amending and superseding reconventional demand curing the pleading

deficiencies set forth below.[3]

With his reconventional demand, Mr. Gaudet first requests that the judicial sale of the property at issue be annulled and the property returned to him. A debtor who fails to utilize Louisiana Code of Civil Procedure articles 2642 and 2751-54 to enjoin the sale of property by executory process,[4] and fails to take a suspensive appeal from the order directing the issuance of the writ of seizure and sale, however, cannot thereafter annul the sale on grounds of minor defects of form or procedure. *See Deutsche Bank Nat. Trust Co. v. Carter,* 59 So.3d 1282, 1286 (La. App. 5

---

[3] To the extent that Mr. Gaudet concludes that he cannot, in good faith and consistent with the requirements of Rule 11 of the Federal Rules of Civil Procedure, amend the allegations of his reconventional demand so as to state a viable claim, he is to promptly so notify the Court and seek dismissal *with prejudice* of his reconventional demand.

[4] Louisiana Code of Civil Procedure article 2642 provides:

> Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.
>
> A suspensive appeal from an order directing the issuance of a writ of seizure and sale shall be taken within fifteen days of the signing of the order. The appeal is governed by the provisions of Articles 2081 through 2086, 2088 through 2122, and 2124 through 2167, except that the security therefor shall be for an amount exceeding by one-half the balance due on the debt secured by the mortgage or privilege sought to be enforced, including principal, interest to date of the order of appeal, and attorney's fee, but exclusive of court costs.

Louisiana Code of Civil Procedure article 2751 provides:

> The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed.

Cir. 2011), *writ denied*, 61 So. 3d 691 (La. 2011) (citing *American Thrift & Finance Plan Inc. v. Richardson*, 977 So.2d 105, 108 (La. App. 5 Cir. 2008 )); *Reed v. Meaux,* 292 So.2d 557 (La.1973). Similarly, if neither the aforementioned injunction nor suspensive appeal were employed, even defects in the proceedings that are "substantive in character and [] strike at the foundation of the executory proceeding," including "fraud and ill practices," justify an annulment only when property was adjudicated to and remains in the hands of the foreclosing creditor, rather than in the hands of an innocent third party. *See Deutsche Bank Nat. Trust Co.*, 59 So.3d at 1286; *American Thrift & Finance Plan Inc.,* 977 So.2d at 108-09 (citing cases). Finally, Louisiana Revised Statute 13:4112 additionally provides:

> No action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in the executory proceedings, *or by reason of the lack of authentic evidence to support the order and seizure*, where the sheriff executing the foreclosure has either filed the proces verbal of the sale or filed the sale for recordation in the conveyance records of the parish

*See* La. R.S. 13:4112 (emphasis added). As presented, the allegations of Mr. Gaudet's reconventional demand, seeking the return of immovable property, fail to establish that any of these standards are satisfied. Accordingly, as presently pled, Mr. Gaudet's claim for the return of property is deficient.

Turning next to Mr. Gaudet's damage claim for wrongful seizure, it likewise fails because Mr. Gaudet's reconventional demand does not aver that he actually suffered damages caused by alleged deficiencies in the executory proceeding instituted by U.S. Bank. That is, he never alleges in the reconventional demand that payment was not due, or that he was not in default, or that, if the alleged deficiencies had not occurred, he would have timely cured any default. *See,*

5

*e.g., Mortgage Electronic Registration Systems, Inc., ("MERS") v. Daigle,* 10 So. 3d 288, 294 (La. App. 5 Cir.), *writ denied*, 32 So.3d 877 (La. 2009) (Although the court made no finding as to whether there was a technical deficiency in the foreclosure proceedings, Ms. Daigle was not entitled to damages given that evidence demonstrated a default); *Franklin Credit Mgmt. Corp. v. Gray,* 2 So.3d 598, 603, n. 7 (La. App. 4 Cir.), *writ denied,* 6 So.3d 795 (La. 2009)("burden of proof with respect to an affirmative defense of 'payment' rests with a defendant attempting to assert that the note has been paid, or the obligation extinguished")((citing *American Bank v. Saxena*, 553 So.2d 836, 844 (La.1989)); *Rao v. Towers Partners, L.L.C.*, 688 So.2d 709, 712 (La. App. 4 Cir.), *writ denied*, 694 So.2d 246 (La. 1997) (technical deficiency of the petition did not cause anything to happen that would not have happened had the proper grounds been stated; the end result was the same; debtors did not show payment not due under the demand note).

And, though Mr. Gaudet complains that U.S. Bank did not allege in its petition for executory process that it had sent the notice required by ¶20 of the mortgage, Mr. Gaudet similarly does not allege in his reconventional demand that he never received notice in accordance with the mortgage's terms.[5] Also, viewing the note and mortgage documents attached to U.S. Bank's petition for executory process, it is not apparent to the Court that the acceleration authorized by paragraph 5 of the attached note is dependent on prior notice to the same extent required in *Bank of New York v. Parnell,* 32 So. 3d 877, 897-99 (La. App. 5 Cir. 2010), *reversed in part on other grounds*, 56 So.3d 160 (La. 2011). Rather, as it presently exists, Mr. Gaudet's reconventional demand at best appears to allege technical deficiencies in a executory proceeding that in actuality did not cause him any harm. *Cf. Mortgage Electronic Registration Systems, Inc., ("MERS"),* 10 So. 3d 28 at 94

---

[5] *See* Reconventional Demand (Rec. Doc. 1-1) at ¶ 5.

(notice of default relevant to foreclosure action but not damage suit; regardless of whether debtor received notice, she knew mortgage required monthly payments). Accordingly, the Court finds that Mr. Gaudet has not stated a viable wrongful seizure claim.

## **Conclusion**

As stated herein, **IT IS ORDERED** that the motion to dismiss presently before the Court (Rec. Doc. 6) is **GRANTED**. Any amendments ordered by the Court are to be made, in accordance with the Court's instructions herein, no later than fifteen (15) days following entry of this Order and Reasons.

New Orleans, Louisiana, this 27th day of March 2012.

_____
**KURT D. ENGELHARDT**
**United States District Judge**